UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MELISSA GRAHAM, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,<br><br>        Defendants. | Case No. 2:14-cv-04357-DCN<br><br>JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT

Parties

1. Defendant Toyota Motor Corporation is, at all relevant times, a Japanese corporation with its principal place of business in Toyota City, Aichi Prefecture, Japan. Toyota Motor Corporation is and has been engaged in the business of designing, manufacturing, distributing, marketing, and selling products to consumers in the state of South Carolina, including the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS. Toyota Motor Corporation regularly did business in South Carolina, and its products, including the aforementioned vehicles, are regularly sold and used by consumers in South Carolina. It has, therefore, submitted itself to the jurisdiction of this Court

2. Defendant Toyota Motor Sales, U.S.A., Inc. is, at all relevant times, a foreign corporation with its principal place of business in California. It is a subsidiary of Toyota Motor

Corporation. Toyota Motor Sales, U.S.A., Inc. is and has been engaged in the business of designing, manufacturing, distributing, marketing, and selling products to consumers in the state of South Carolina, including the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS. Toyota Motor Sales, U.S.A. Inc. regularly did business in South Carolina, and its products, including the aforementioned vehicles, are regularly sold and used by consumers in South Carolina. It has, therefore, submitted itself to the jurisdiction of this Court.

3. Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is, at all relevant times, a foreign corporation with its principal place of business in Kentucky. It is a subsidiary of Toyota Motor Corporation. Toyota Motor Engineering & Manufacturing North America, Inc. is and has been engaged in the business of designing, manufacturing, distributing, marketing, and selling products to consumers in the state of South Carolina, including the 2007-2009 Camry. Toyota Motor Engineering & Manufacturing North America, Inc. regularly did business in South Carolina, and its products, including the aforementioned vehicles, are regularly sold and used by consumers in South Carolina. It has, therefore, submitted itself to the jurisdiction of this Court.

4. Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. shall be referred to collectively as "Toyota."

5. Plaintiff, Melissa Graham ("Plaintiff"), purchased a new 2009 Toyota Camry from Gene Reed Toyota on or about June 2, 2008. Plaintiff's vehicle has a VIN of 4T1BE46K69U305062.

6. At all relevant times, Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. supplied the capital and approvals necessary to design, manufacture, market, and sell the

2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS.

7.  Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. employed legal, compliance, and regulatory personnel to make decisions regarding the Lexus ES and IS vehicles, regardless of whether Lexus is deemed a brand, subsidiary, or division.  These employees ultimately made or ratified the decisions that allowed Lexus ES and IS vehicles to be sold in breach of its warranties as more fully set forth below.

8.  Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. are responsible for all representations and warranties made for the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS.  Toyota Motor Engineering & Manufacturing North America, Inc. has additional warranty responsibility for the 2007-2009 Camry.

## Jurisdiction and Venue

6.  The Court has subject matter jurisdiction under 28 U.S.C. § 1332, which provides for federal jurisdiction in class actions with minimal diversity when damages exceed five million dollars, exclusive of interest and costs.  The Court has supplemental subject matter jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7.  Plaintiff resides in this district and Plaintiff purchased her Toyota Camry while residing in the district.  Venue is thus appropriate within the contemplation of 28 U.S.C. § 1391.

## Factual Background

10.  Toyota is a major automotive manufacturer with dealerships throughout the United States, including South Carolina.  Toyota describes itself as "always looking for ways to do things better, and that begins with engineering and manufacturing. Throughout North America, tens of thousands of our team members continually strive to improve not just our cars but everything we do.  The reason?  Our customers are counting on it."

3

11. Toyota maintains a Lexus brand with "the idea that every step of the production process should reflect the Pursuit of Perfection." Lexus markets itself as "associated with quality, luxury and superior customer satisfaction." Moreover, "The Lexus Covenant" explains to customers that "Lexus will win the race because: Lexus will do it right from the start. Lexus will be the finest dealer network in the industry. Lexus will treat each customer as we would a guest in our home."

12. Unbeknownst to consumers, Toyota designed, manufactured, distributed, marketed, and sold certain automobiles with defective dashboards that melt or degrade upon prolonged exposure to the sun. The affected models include the 2006-2008 Lexus ES, the 2006-2008 Lexus IS, and 2007-2009 Toyota Camry. Because the nature of this defect is that the degradation occurs over time, it was a hidden defect from consumers at the time of purchase.

13. Toyota and Lexus utilize warranties that provide comprehensive warranty coverage to consumers. The Toyota Camry warranty extends for the first 3 years or 36,000 miles following the purchase of the vehicle. The Lexus ES and IS warranties extend for the first 4 years or 50,000 miles following the purchase of the vehicle. However, consumers typically observe the defect only after the expiration of the warranty coverage.

14. On December 2, 2011, following the expiration of warranty coverage for most purchasers of the defective vehicles, Lexus issued a technical service bulletin ("TSB") designated as L-SB-0144-11 and titled "Interior Panels Sticky/Poor Appearance." The TSB noted that the 2006-2008 Lexus IS 250 and IS 350 "may exhibit sticky interior panels that have a shiny/degraded appearance. These conditions maybe present on the Instrument Panel Pad and/ or the Door Panel Trim. Revised interior panels have been developed to address this condition."

15. TSB L-SB-0144-11 was made available to Lexus dealerships but was not mailed

4

to consumers. Toyota utilized a similar defective dashboard design for the 2006-2008 Lexus ES and the 2007-2009 Toyota Camry but did not issue a comparable TSB for such vehicles.

16. Toyota did not inform prior purchasers of the 2006-2008 Lexus ES, the 2006-2008 Lexus IS, and the 2007-2009 Toyota Camry that it developed a fix for the defective dashboards.

17. Despite Toyota's superior knowledge of the defect, Defendant knowingly and deliberately concealed the nature of the defect and the fix for such defect from consumers.

18. By issuing a TSB to Lexus dealerships, and knowing that repairs will generally occur outside of warranty, Defendants obtained an additional revenue source when customers paid out of pocket for the repairs. Thus, Toyota obtained further profit from the defect by shifting responsibility for repair costs to consumers. Those customers who did not pay out of pocket for the repairs nonetheless have a car with diminished value that should have been repaired under Toyota's warranty obligations because the defect existed at the time of sale.

19. Plaintiff purchased a new 2009 Toyota Camry from Gene Reed Toyota on or about June 2, 2008. Plaintiff's vehicle has a VIN of 4T1BE46K69U305062. Plaintiff lacked knowledge of the dashboard defect and later discovered that the dashboard began to degrade. Moreover, the melting conditions created a glossy film on the dashboard that made it difficult for her to view road conditions when the sun reflected off of the dashboard. Plaintiff could not obtain warranty coverage for the repairs upon calling Fred Anderson Toyota, a local authorized Toyota dealership.

Class Action Allegations

20. Under Rule 23, Fed. R. Civ. P., Plaintiff brings this action on behalf of herself and the plaintiff class, initially defined as:

> All South Carolina residents who purchased the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS.

21. Excluded from the plaintiff class are:

   A. Defendants and any entity in which Defendants have a controlling interest, and its legal representatives, employees, officers, directors, assigns, and successors;

   B. The judge, magistrate and any special master to whom this case is assigned, and any member of their immediate families; and

   C. To the extent the class certification order permits exclusion, all persons who timely submit proper requests for exclusion from the plaintiff class.

22. The plaintiff class consists of all South Carolina residents who purchased the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS. These vehicles, upon information and belief, were sold to thousands of South Carolina residents, thus making individual joinder impracticable pursuant to Rule 23(a)(1), Fed. R. Civ. P. The disposition of the claims in a single class action will provide substantial benefits to all parties and to the Court.

23. The factual and legal bases of the claims are common to all plaintiff class members and represent a common injury. *See* Rule 23(a)(2), Fed. R. Civ. P.

24. There are many common questions of law and fact. These common issues include, but are not limited to, the following:

   A. Whether Defendants conceived, designed, manufactured, and sold Toyota vehicles that contained defective dashboards;

   B. Whether the dashboards in the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS were conceived, designed, and manufactured under a common protocol;

6

    C. Whether Defendants formulated common procedures for testing and repairing defective dashboards;

    D. Whether Defendants utilized common warranty procedures for its authorized dealers in South Carolina;

    E. Whether Defendants violated S.C. Code Ann. § 36-2-313; and

    F. Whether Defendants violated S.C. Code Ann. § 36-2-314.

These common questions of law and fact predominate over individual questions and a class action is the superior means to litigate the claims. *See* Rule 23(b)(3), Fed. R. Civ. P.

  25. Plaintiff will fairly and adequately represent and protect the interests of the plaintiff class as required by Rule 23(a)(4), Fed. R. Civ. P. The named Plaintiff identified in this complaint purchased a 2009 Toyota Camry and is thus typical of the class members as required by Rule 23(a)(3), Fed. R. Civ. P. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the plaintiff class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the class.

  26. Certification is also appropriate under Rule 23(b)(2), Fed. R. Civ. P., in that the Defendants acted or refused to act on grounds that apply generally to the class, thus warranting injunctive or declaratory relief. Defendants should be required to implement an appropriate warranty protocol for its defective dashboards.

<u>Breach of Express Warranty by Affirmation, Promise, Description, Sample</u>
<u>S.C. Code Ann. § 36-2-313</u>

  27. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth herein verbatim.

  28. At all times, Toyota is and has been engaged in the business of designing, manufacturing, distributing, marketing, and selling Toyota vehicles throughout the United States,

including the state of South Carolina.

29.  At all times, Toyota is and has been a merchant and seller of the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS, and Defendants sold such vehicles to the consumer Plaintiff and the members of the class.

30.  Toyota expressly warranted to the Plaintiff and the members of the class that the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS were merchantable and fit for their ordinary, particular, and intended use and purpose.

31.  However, the 2007-2009 Camry, the 2006-2008 Lexus ES, and the 2006-2008 Lexus IS sold by Toyota to the Plaintiff and the members of the class were not in merchantable condition, were not fit for the ordinary purpose for which cars are used and/or were not of the same quality as those generally acceptable in the trade. In fact, the defective vehicles, including the vehicle purchased by Plaintiff, were defective from the point of manufacture and sale, thus rendering the product unmerchantable at the time of purchase.

32.  Plaintiff and class members have had sufficient direct dealings with either the Defendants or their agents (dealerships) to establish vertical privity of contract between themselves and Defendants. Notwithstanding this, privity is not required in this case because Plaintiff and class members are intended third-party beneficiaries of contracts between Toyota and their dealers; specifically, they are the intended beneficiaries of Toyota's warranties. The dealers were not intended to be the ultimate consumers of the defective vehicles and have no rights under the warranty agreements provided with the defective vehicles; the warranty agreements were designed for and intended to benefit the ultimate consumers only. Finally, privity is also not required because the defect can lead to glare. Such glare impedes the driver's view, thus making the defective vehicles a dangerous instrumentality due to the aforementioned

8

defects and nonconformities.

33. Plaintiff took reasonable steps to notify Toyota within a reasonable time that her defective vehicle was not as represented by contacting her authorized Toyota dealer. Plaintiff was not required to provide notice of the defect to the remote manufacturer; in any event, Toyota received actual notice of the defect because Plaintiff contacted a local authorized Toyota dealer for repairs, and Toyota improperly denied warranty coverage. Plaintiff also provided written notice of the non-conformity via her counsel. Any additional notice would be futile.

34. As a direct and proximate result of Defendants' breaches, the Plaintiff and the members of the class have suffered monetary loss.

<u>Breach of Implied Warranty of Merchantability</u>
<u>S.C. Code Ann. § 36-2-314</u>

35. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth herein verbatim.

36. Toyota is and was at all relevant times a merchant with respect to motor vehicles.

37. Plaintiff purchased her defective vehicle from Toyota's authorized agent. At the time of purchase, Toyota and its authorized agents were in the business of leasing and selling vehicles and/or by course of business held themselves out as having special knowledge or skill regarding these vehicles.

38. A warranty that the defective vehicles were in merchantable condition was implied by law in the instant transaction.

39. The defective vehicles, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which cars are used and/or were not of the same quality as those generally acceptable in the trade. In fact, the defective vehicles, including the vehicle purchased by Plaintiff, were defective from the point of

manufacture and sale, thus rendering the product unmerchantable at the time of purchase. Specifically, the defective vehicles were designed, manufactured, distributed, and sold with a defective dashboard that Toyota knew was defective and likely to melt or prematurely degrade.

40. Plaintiff and class members have had sufficient direct dealings with either the Defendants or their agents (dealerships) to establish vertical privity of contract between themselves and Defendants. Notwithstanding this, privity is not required in this case because Plaintiff and class members are intended third-party beneficiaries of contracts between Toyota and their dealers; specifically, they are the intended beneficiaries of Toyota's warranties. The dealers were not intended to be the ultimate consumers of the defective vehicles and have no rights under the warranty agreements provided with the defective vehicles; the warranty agreements were designed for and intended to benefit the ultimate consumers only. Finally, privity is also not required because the defect can lead to glare. Such glare impedes the driver's view, thus making the defective vehicles a dangerous instrumentality due to the aforementioned defects and nonconformities.

41. Plaintiff took reasonable steps to notify Toyota within a reasonable time that her defective vehicle was not as represented by contacting her authorized Toyota dealer. Plaintiff was not required to provide notice of the defect to the remote manufacturer; in any event, Toyota received actual notice of the defect because Plaintiff contacted a local authorized Toyota dealer for repairs, and Toyota improperly denied warranty coverage. Plaintiff also provided written notice of the non-conformity via her counsel. Any additional notice would be futile.

42. As a direct and proximate result of Defendants' breaches, the Plaintiff and the members of the class have suffered monetary loss.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays that the Court enter judgment against Defendants and in favor of the Plaintiff and the class and award the following relief:

A. Certification of the proposed class under Rule 23, Fed. R. Civ. P.;

B. Appointment of Melissa Graham as class representative;

C. Appointment of the undersigned attorneys as class counsel;

D. Finding that the Defendants' conduct constitutes a breach of express and/or implied warranty;

E. An award of injunctive relief, compensatory damages and attorneys' fees; and

F. Such other and further judiciary determinations and relief as may be appropriate in this proceeding.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

November 10, 2014                           Respectfully submitted,

                                            RICHARDSON, PATRICK,
                                            WESTBROOK & BRICKMAN, L.L.C.

                                            /s/ *T. Christopher Tuck*
                                            A. Hoyt Rowell, III, ID No.: 3665
                                            E-mail: hrowell@rpwb.com
                                            T. Christopher Tuck, ID No.: 9135
                                            E-mail: ctuck@rpwb.com
                                            James L. Ward, Jr., ID No.: 6956
                                            E-mail: jward@rpwb.com
                                            Robert S. Wood, ID No.: 7965
                                            E-mail: bwood@rpwb.com
                                            1037 Chuck Dawley Blvd.
                                            Building A
                                            Mt. Pleasant, SC  29464
                                            843.727.6500

11

LAW OFFICES OF
MARK C. TANENBAUM, PA
Mark C. Tanenbaum, ID No.: 4017
E-mail:  mark@tanenbaumlaw.com
Mia Lauren Maness, ID No.: 5457
E-mail: mia@tanenbaumlaw.com
241-243 East Bay Street
Charleston, SC  29401
843.577.5100

ATTORNEYS FOR PLAINTIFF

12